[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13190
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-20072-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE ROBERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2021)

Before JILL PRYOR, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Terrence Roberson pled guilty to conspiracy to commit Hobbs Act robbery and was sentenced to 51 months' imprisonment.  On appeal, he contends that the district court miscalculated his Sentencing Guidelines range by erroneously applying a three-level enhancement for brandishing a dangerous weapon during the robbery.  *See* U.S.S.G. § 2B3.1(b)(2)(E).  He does not dispute that the district court correctly followed this Court's binding precedent when it applied the enhancement.  Instead, he argues that our precedent is wrong.  As a panel of this Court, we have no power to depart from our squarely-controlling precedent; thus, we affirm.

## I. BACKGROUND

Roberson committed a robbery in a supermarket parking lot.[1]  When a truck driver for a tobacco distributor arrived at the supermarket to deliver cigars, among other products, Roberson and a co-conspirator approached the driver.  Roberson was unarmed but "had his hand in his jacket pocket as if he were holding a gun." Doc. 30 at 1.[2]  Believing that Roberson had a gun, the driver, in fear for his life, fled into the supermarket.  Roberson and his co-conspirator made off with three boxes of tobacco products that were in the truck.

---

[1] These facts are unchallenged on appeal.  They were established by Roberson's admissions and undisputed testimony elicited at his sentencing hearing.

[2] "Doc." numbers refer to the district court's docket entries.

2

Roberson was indicted for conspiracy to commit Hobbs Act robbery (Count One) and Hobbs Act robbery (Count Two) under 18 U.S.C. § 1951(a). He pled guilty to the first count, and the government dismissed the second count. After the district court accepted his plea, a probation officer prepared a presentence investigation report ("PSI").

The PSI assigned Roberson a total offense level of 20, which included a three-level enhancement for brandishing a dangerous weapon during the robbery. *See* U.S.S.G. § 2B3.1(b)(2)(E). Based on that total offense level and Roberson's criminal history category of IV, the PSI calculated his guidelines range as 51 to 63 months' imprisonment.

Roberson objected to the three-level enhancement for brandishing a dangerous weapon during the offense. He argued that even though he pretended to wield a gun in his jacket pocket, the enhancement was inapplicable because he did not in fact brandish or possess a weapon during the offense. The district court disagreed. Relying on our caselaw, the court concluded that Roberson had brandished a dangerous weapon within the meaning of the guideline provision. The district court adopted the PSI's guidelines calculation and sentenced Roberson to 51 months' imprisonment—the bottom of the guidelines range.

This is Roberson's appeal.

## II. STANDARD OF REVIEW

We review *de novo* the district court's interpretation and application of the Guidelines. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). We review the district court's factual findings for clear error. *Id.*

## III. DISCUSSION

The sole issue on appeal is whether the district court erred in applying the dangerous weapon enhancement. It did not.

Under § 2B3.1(b)(2)(E), a defendant's offense level is increased by three levels if he brandished or possessed a dangerous weapon during a criminal offense. The defendant need not have possessed a dangerous weapon if he "used [an] object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury," as is the case when, for example, a defendant "wrap[s] a hand in a towel during a bank robbery to create the appearance of a gun." U.S.S.G. § 2B3.1 cmt. n.2. The "critical" inquiry is "whether the defendant intended the *appearance* of a dangerous weapon." *United States v. Bates*, 213 F.3d 1336, 1337, 1338–39 (11th Cir. 2000) (holding that the dangerous weapon enhancement applied when the defendant "reach[ed] with his right hand into his pants waist band area" to "simulat[e] the presence of a weapon").

4

Roberson makes no attempt to distinguish *Bates*, for good reason.  In *Bates*, the dangerous weapon enhancement applied even though the defendant was unarmed because the defendant's "hand simulated possession of what *appeared* to be a dangerous weapon" and the victim "perceived [the defendant] to possess a dangerous weapon."  *Id.* at 1339.  So too here.  When Roberson and his co-conspirator confronted the truck driver, Roberson "had his hand in his jacket pocket as if he were holding a gun."  Doc. 30 at 1.  And the driver was left with the firm impression that Roberson wielded a gun under his jacket, so much so that he fled into the store.  Because *Bates* controls, the district court did not err in applying the enhancement when calculating Roberson's guidelines range.

Roberson resists this conclusion, arguing that we should depart from *Bates*'s holding because it contravenes "the plain and unambiguous language of the guideline[s]."  Appellant's Br. at 16; *see also* U.S.S.G. § 2B3.1(b)(2)(E) (providing that the enhancement applies "if a dangerous weapon *was brandished or possessed*") (emphasis added).  He further argues that the commentary to the guideline should be ignored because it contradicts the plain language of the guideline.  The merits of his argument are of no moment.  Under our prior precedent rule, we are bound by *Bates* "even if convinced it is wrong."  *Andrews v. Biggers*, 996 F.3d 1235, 1236 (11th Cir. 2021) (alteration adopted) (internal

5

quotation marks omitted).  We therefore decline Roberson's invitation to disregard or overturn *Bates*, and we affirm his sentence.

**AFFIRMED.**